UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 07-076-1S

JOSEPH CONNORS

**SENTENCING MEMORANDUM**

This Defendant Joseph Connors has pleaded guilty to a five-count Indictment, which charged that he conspired with his codefendant to distribute cocaine base, cocaine, heroin and marijuana, and that he possessed with intent to distribute more than five grams of crack cocaine, as well as cocaine and heroin. The Indictment also charged that Defendant, a convicted felon, possessed ammunition. The probation officer has calculated that Defendant's advisory guideline range is 70-87 months, and the Defendant concurs in this calculation. Defendant submits this Memorandum in support of his request that this Court consider sentencing Defendant to a term of incarceration below his advisory guideline range (although Defendant acknowledges that this Court must sentence Defendant to a prison term of at least 60 months, the applicable mandatory minimum sentence).

Defendant submits that a sentence below his advisory guideline range would fully effectuate the goals of sentencing as set forth in 18 USC Section 3553(a), namely to

> impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

> 2) the need for the sentence imposed –
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In support of his contention that the purposes of sentencing would be fully effectuated by a sentence below his advisory guideline range, the Defendant submits that this Court should consider Defendant's relatively limited criminal history. He has four criminal history points and so falls at the low end of Criminal History Category III (Paragraph 40 of the presentence investigation report). The presentence investigation report indicates that Defendant has one prior felony conviction, which arose out of conduct that occurred when Defendant was a juvenile (Paragraph 33). Although Defendant's two prior juvenile contacts had resulted in dismissal (Paragraphs 41 and 42), the Rhode Island Family Court nevertheless exercised its discretion and waived jurisdiction over the felony case, thereby transferring the prosecution to the Providence County Superior Court (Paragraph 43). In that Court, Defendant pleaded <u>nolo contendere</u> to the crimes of carrying a pistol without a license and conspiracy to violate the controlled substance act in exchange for an 8-year sentence, with one year to serve and the balance suspended with probation (Paragraph 33). The Defendant successfully completed the seven year probationary term prior to the events that gave rise to this Indictment.

Except for this single felony conviction, Defendant's criminal history points arise out of concurrent sentences of one year suspended with probation imposed in the Sixth Division District Court on the same date, for misdemeanor offenses, committed on separate dates in October, 2003, of domestic assault (Paragraph 36) and larceny under $500 (Paragraph 34). Although the two dispositions were a "package deal", the Guidelines require that they be counted separately in calculating Defendant's criminal history category. Defendant's remaining criminal history consists of suspended license offenses (Paragraphs 35, 37, 38 and 39), which generate no criminal history points.

In addition to his limited criminal history, Defendant submits that his personal history and circumstances mitigate in favor of a sentence below the advisory guideline range. Although Defendant's father died in an automobile accident when Defendant was 15 months old, Defendant has enjoyed strong family support. He had what he describes as a "good childhood", living with his mother, step-father, maternal grandparents and half-sisters in Scituate, Rhode Island. Defendant readily acknowledges that, despite his family's best efforts, he became involved with a "negative peer group" at a young age, and that he began using drugs in his early teens. Although he has participated in drug treatment, Defendant further acknowledges that his substance abuse history extends up to the date of his arrest on these charges. Defendant acknowledges that he has a serious substance abuse problem and that, at the time of his arrest, he was selling drugs to support his heroin habit. During his incarceration, he hopes to participate in the 500-hour drug treatment program offered by the Bureau of Prisons, so that when he completes his sentence he will be better able to remain clean and sober in society.

The Defendant has a strong work ethic, and comes from a family in which his step-father and grandparents were consistently and responsibly employed, while his mother tended to the home and children. The presentence investigation report documents Defendant's history of steady employment in the landscaping industry (Paragraph 61). In one of the character reference letters submitted to this Court, a former coworker characterizes the Defendant as "well mannered", "trustworthy and dependable", a person who "showed great leadership in numerous landscaping tasks, and … a hard worker in addition to teaching others." Defendant submits that his strong work ethic and good work habits are indicative of his ability to successfully reenter society after completion of a prison term that includes intensive drug treatment. In addition, during his incarceration Defendant hopes to further his education and obtain specialized job training, so that he can reenter society with marketable skills and increased employability.

Defendant's family remains strongly supportive, as the character reference letters provided to the Court with the presentence investigation report document. His step-father writes

> since his incarceration in April I have not seen my son look this good and healthy for a couple of years now. He talks with so much clarity and hope for his future and plans for his future. [His family members] have found a positive thing all of this negative ness since he was arrested. …. Joe wasn't living a life of a high profile, money maker drug dealer – he was not even 'living' at all, he was a heroin addict who did what he did to support his horrible drug habit. He was headed for his grave, and as his mom says – I too much rather visit my son in prison then at the cemetery.

Based on all of the foregoing, Defendant submits that this Court should exercise

its discretion to sentence Defendant below his advisory guideline range, for the reason that such a sentence would be "sufficient, but not greater than necessary" to fully effectuate the Section 2553 factors.

JOSEPH CONNORS
Defendant
By His Attorney,

/s/ Judith Crowell, Esq.
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on November 21, 2007, I forwarded a copy of this Memorandum via e-filing to AUSA Sandra Beckner.

/s/Judith Crowell, Esq.