IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR-07-076-01S |
| JOSEPH R. CONNORS | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

Considering the factors set forth in 18 U.S.C. § 3553(a), a sentence within the guideline range is reasonable. In light of the defendant's family support and demonstrated willingness to work, as well as the government's obligations under the plea agreement, the government recommends a sentence at the low end of the guideline range. A variance, however, is not warranted.

The defendant suggests that because his criminal history reflects a conviction committed while he was a juvenile, he should receive a variance from the guideline range. The defendant used the same argument in convincing the U.S. Attorney's Office to not file an enhancement to a mandatory minimum sentence of 120 months. Because no enhancement was filed, the low-end of the defendant's guideline range is 50 months lower than it otherwise would have been. The government submits that any further consideration for the defendant's prior conviction having been committed while he was a juvenile is

excessive since he now has two felony drug convictions to his name.

The defendant also points to his substance abuse as a basis for varying from the guideline range. This argument is specifically disapproved of by the guidelines. Substance abuse is prevalent in narcotics traffickers. Favorable consideration because of the defendant's substance in this case furthers unwarranted disparities between offenders.

The nature of this offense weighs strongly in favor of a guideline sentence. The defendant had a virtual pharmacy of narcotics at this residence, and he employed a runner, his co-defendant, in his business. Because the heroin was not weighed, this drug was not considered in computing the defendant's relevant conduct. Additionally, because the methamphetamine was not weighed separately from cocaine and because the officers believed that the substance was cocaine laced with methamphetamine and not the other way around, the defendant's sentence was not affected by the harsher methamphetamine guidelines. The defendant received this consideration even though methamphetamine is considered worthy of more severe punishment by the Sentencing Commission. Finally, although a firearm was not seized, multiple different types of ammunition were seized, suggesting the presence of firearms. In fact, the co-defendant claimed that the defendant, a convicted felon, sold

a firearm to an individual named "Mark." Considering the various types of drugs involved in this case and the obvious presence of firearms, a guideline sentence is reasonable.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On November 27, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Judith Crowell
128 Dorrance Street - 4th Floor
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj