UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-076S |
| | : | |
| JOSEPH R. CONNORS | : | |

**AMENDED**
**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on February 12, 2014, at which time Defendant, through counsel and personally, admitted he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant released pending final sentencing before Chief Judge William E. Smith.

Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons for a term of eight (8) months of incarceration with no further supervised release to follow.**

**Background**

On January 21, 2014, the Probation Office petitioned the Court for a Summons to be served on Defendant. On January 23, 2014, the District Court reviewed the request and ordered the issuance of a summons. Pursuant to the summons, Defendant initially presented himself in Court on February 12, 2014 and admitted to the following charges:

**Defendant shall refrain from any unlawful use of a controlled substance.**

Joseph Connors has used illicit substances as evidenced by his positive urine screens on the following occasions: January 11, 2013 for morphine and hydromorphine; January 28, 2013 for morphine; February 4, 2013 for morphine; May 30, 2013 for morphine and cocaine; August 29, 2013 for cocaine; October 10, 2013 for heroin; and December 20, 2013 for cocaine and opiates.

**Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Joseph Connors has failed to submit written reports for February 2013, May 2013, September 2013, October 2013, November 2013 and December 2013 which were due by March 5, 2013; June 5, 2013; October 5, 2013; November 5, 2013; December 5, 2013 and January 5, 2014, respectively.

**Defendant shall participate in and satisfactorily complete a program approved by the U.S. Probation Office for inpatient or outpatient treatment of narcotic addiction or drug or alcohol dependency which will include testing (up to seventh-two tests per year) for the detection of substance use or abuse.**

On January 8, 2014, Joseph Connors left SSTAR, a residential treatment program, against medical advice. Prior to his admission, Mr. Connors had been instructed that he must enter and complete this residential treatment program.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life on each count, therefore, the terms can be extended.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for Class B felonies on Counts I and II and Class C felonies on Counts III–V. Therefore, he may not be required to serve more than three years' imprisonment upon revocation on Counts I and II and two years' imprisonment on Counts III-V.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life on each count.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the

violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade C violation. Therefore, the Court may revoke, extend or modify the conditions of supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.

Pursuant to Section 7B1.4(a) the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation

and has a Criminal History Category of III.  Therefore, the applicable range of imprisonment for this violation is five to eleven months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

The parties resolved this case pursuant to a "plea agreement" and joint sentencing recommendation.  Defendant admitted to Grade C violations and the guideline range is five to eleven months.  The parties jointly recommended a mid-range sentence at eight months which I find to be reasonable under the circumstances and so recommend.

As to supervised release, Defendant has currently served approximately half of the five-year term imposed at sentencing. His primary issues have been drug use and failure to embrace treatment. Defendant has been provided with numerous treatment opportunities to no avail and he was recently referred to residential treatment but left against medical advice on the third day. The parties have jointly recommended no further supervised release. While Defendant needs treatment, it is apparent from his history that he is simply not amenable to supervision and is unable or unwilling to fully take advantage of the treatment resources offered to him. I reluctantly concur with the joint recommendation of no further supervised release since it appears that further supervision of this Defendant would unfortunately be a waste of limited treatment resources.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of eight (8) months of incarceration with no further supervised release to follow.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 14, 2014